**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CURTIS OWENS,<br><br>                Petitioner,<br>     v.<br><br>STATE OF CALIFORNIA,<br><br>                Respondent. | Case No. 1:14-cv-01119-SKO-HC<br><br>ORDER DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS AS SUCCESSIVE (DOC. 1), DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DIRECTING THE CLERK TO CLOSE THE CASE |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting his consent in a signed writing filed by Petitioner on August 18, 2014 (doc. 4). Pending before the Court is the petition, which was filed on July 17, 2014.

I. Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a

preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001). However, a petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

II. Background

Petitioner alleges that he is an inmate of the California State Prison at Corcoran, California, serving a sentence of twenty-five

2

1  years to life imposed in 1999 in the Fresno County Superior Court
2  for burglary and related offenses.  Petitioner challenges the
3  sentencing court's use of two prior convictions, sustained in 1984
4  and 1988 respectively, as "strikes" or predicates for Petitioner's
5  life sentence under California's Three Strikes Law because 1) it
6  contravenes the terms of Petitioner's plea bargains in connection
7  with prior convictions he alleges limited the consequences of such
8  convictions to five years (pet., doc. 1, 5-6), and 2) it violated
9  the protection against ex post facto laws because it retroactively
10 increased the punishment for the conduct forming the factual basis
11 for the prior convictions (id. at 7).  Petitioner further alleges a
12 third claim or set of claims regarding the allegedly ineffective
13 assistance of counsel at the plea bargaining stage and at sentencing
14 for counsel's failure to consider, determine, and advise Petitioner
15 regarding whether his prior convictions would constitute "strikes"
16 and his advice to Petitioner to admit the prior convictions, which
17 resulted in the sentence of twenty-five years to life instead of
18 what would have been a maximum of thirteen years (id. at 12-15).
19 Petitioner requests an evidentiary hearing on his claims and
20 specific performance of the plea agreements in the previous cases in
21 which he entered pleas that resulted in his prior convictions or
22 "strikes" (id. at 14).
23     However, this is not the first proceeding in which Petitioner
24 has challenged these convictions.  Petitioner previously challenged
25 the same criminal judgment in this Court in Curtis Owens v. E Roe,
26 case number 1:03-cv-05327-LJO-TAG-HC, where the Court denied the
27 petition on the merits and entered judgment for Respondent,
28 rejecting Petitioner's claims of constitutional error based on the

3

1  admission of inculpatory statements, failure of proof, instructional
2  error, and ineffective assistance of counsel.  (Fndgs. & recmdtns.
3  filed on February 12, 2007, doc. 38 at 1-2, 7, 11-24; ord. adptng.
4  filed on April 20, 2007, doc. 53; judgmt, entered April 20, 2007,
5  doc. 54.)  This Court's judgment in that proceeding was affirmed by
6  the Ninth Circuit Court of Appeals on February 22, 2011.  (Mem.,
7  doc. 97.)

8      III.  Successive Petition
9      Because the petition was filed after April 24, 1996, the
10 effective date of the Antiterrorism and Effective Death Penalty Act
11 of 1996 (AEDPA), the AEDPA applies in this proceeding.  Lindh v.
12 Murphy, 521 U.S. 320, 327 (1997), cert. denied, 522 U.S. 1008
13 (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).
14     Under the AEDPA, a federal court must dismiss a second or
15 successive petition that raises the same grounds as a prior
16 petition.  28 U.S.C. § 2244(b)(1).  The Court must also dismiss a
17 second or successive petition raising a new ground concerning the
18 same judgment unless the petitioner can show that 1) the claim rests
19 on a new, retroactive, constitutional right or 2) the factual basis
20 of the claim was not previously discoverable through due diligence,
21 and the new facts establish by clear and convincing evidence that
22 but for the constitutional error, no reasonable factfinder would
23 have found the applicant guilty of the underlying offense.  28
24 U.S.C. § 2244(b)(2)(A)-(B).
25     However, it is not the district court that decides whether a
26 second or successive petition meets these requirements, which allow
27 a petitioner to file a second or successive petition.  Section
28 2244(b))3)(A) provides, "Before a second or successive application

permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, a petitioner must obtain leave from the Ninth Circuit before he or she can file a second or successive petition in the district court. See, Felker v. Turpin, 518 U.S. 651, 656-57 (1996). This Court must dismiss any claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application unless the Court of Appeals has given Petitioner leave to file the petition. 28 U.S.C. § 2244(b)(1). This limitation is jurisdictional. Burton v. Stewart, 549 U.S. 147, 152 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001).

A disposition is "on the merits" if the district court either considered and rejected a claim, or determined that an underlying claim would not be considered by a federal court. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009) (citing Howard v. Lewis, 905 F.2d 1318, 1322 (9th Cir. 1990)).

Here, the first petition concerning the Fresno County judgment was denied on the merits. Petitioner has not shown he obtained prior leave from the Ninth Circuit to file his successive petition attacking the judgment. Thus, this Court lacks jurisdiction to consider Petitioner's renewed application for relief from the conviction under section 2254 and must dismiss the petition. See, Felker v. Turpin, 518 U.S. 651, 656-57; Burton v. Stewart, 549 U.S. 147, 152; Cooper v. Calderon, 274 F.3d 1270, 1274. If Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must file for leave to do so with the Ninth Circuit.

## IV. Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Habeas Rule 11(a).

A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right, and (2) the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. An applicant must show more than an absence of frivolity or the existence of mere good faith; however, the applicant need not show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

6

     Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner.  Petitioner has not made a substantial showing of the denial of a constitutional right.  Accordingly, the Court will decline to issue a certificate of appealability.

     V.   <u>Disposition</u>

     Accordingly, it is ORDERED that:

     1) The petition for writ of habeas corpus is DISMISSED as successive;

     2) The Court DECLINES to issue a certificate of appealability; and

     3) The Clerk is DIRECTED to close this action because the dismissal terminates the action in its entirety.

IT IS SO ORDERED.

Dated: **September 24, 2014**          **/s/ Sheila K. Oberto**
                                           UNITED STATES MAGISTRATE JUDGE